**NORTHCREST THEATRE, INC., a Michigan corporation, Plaintiff,**

**v.**

**CITY OF ROCHESTER HILLS, a municipal corporation, Defendant.**

**No. 88–CV–74421–DT.**

United States District Court, E.D. Michigan, S.D.

April 27, 1989.

Lee J. Klein, Durand, Mich., for plaintiff.

Lawrence R. Ternan, Bloomfield Hills, Mich., and Patricia Irving–Cwiek, Detroit, Mich., for defendant.

### OPINION

GILMORE, District Judge.

Northcrest Theatre filed suit seeking an injunction against the City of Rochester Hills (City) to prohibit it from enforcing its zoning ordinance, and a declaratory judgment stating that the ordinance is unconstitutional.

Plaintiff presents and exhibits live nude dancing performances "which involve partial or total nudity and are of a non-obscene nature." Plaintiff also sells various items that are germane to its business.

Rochester Hills Ordinance No. 200 is its entire Code of Zoning Regulations. On February 4, 1987, the City adopted an ordinance that regulated the location of "adult businesses." Ordinance No. 200–03 (amending § 1821). The ordinance restricts such businesses to *B–3* zones. These businesses are permitted to operate in B–3 zones only after special land-use approval is granted by the City Council, after review and recommendation of the planning commission, and after public hearing. Defendant has taken the position that Plaintiff is subject to these provisions.

Plaintiff's business is presently located in a *B–2* zoning district. A B–2 zone permits the operation of indoor theatres, or similar facilities, but does not permit the operation of adult businesses.

In 1988, Plaintiff sought to perform certain renovations and remodelling of its business premises so as to make the facility accessible to handicapped individuals. Plaintiff sought a building permit from the City, which was denied. The building plans were in substantial compliance with all applicable codes, ordinances, rules, and other regulations. The basis for the denial of the building permit was that structural changes to a non-conforming use is not permitted under Ordinance 1802.5(a), and that the alterations would change the theatre into an adult cabaret, which is not a permitted use in a B–2 zone.

Plaintiff appealed the denial to the Rochester Hills Zoning Board of Appeals on the grounds that the proposed renovations should not have been determined to be a structural change, i.e., that the conversion of an adult movie theatre to an adult cabaret was not a conversion to a less appropriate use. The appeal was denied.

On November 21, 1988, this Court denied Plaintiff's preliminary injunction because Plaintiff lacked standing. Defendant now moves for dismissal because Plaintiff failed to state a claim for the relief sought under 42 U.S.C. § 1983 or 28 U.S.C. § 2201.

The first issue is whether Plaintiff has standing to contest the 1987 amendment to the zoning ordinance regulating the location of adult businesses to B–3 zones.

Plaintiff asserts that it has standing to contest the B–3 zone because the passage of the ordinance made plaintiff's operation a non-conforming use in the B–2 zone. Defendant contends that Plaintiff is in a B–2 zone; therefore, Plaintiff has suffered no harm and has no standing to challenge the locational restrictions under *S & G News, Inc. v. City of Southgate*, 638 F.Supp. 1060 (E.D.Mich.1986), *aff'd*, 819 F.2d 1142 (1987).

■ Plaintiff also contends that it is entitled to assert the rights of third parties under *Young v. American Mini Theatres*, 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976). To be able to assert the rights of third parties, all that is required is that the statute's deterrent effect on legitimate expression be "both real and substantial," and that the statute is not "readily subject to a narrowing construction by the state courts." *Young*, 427 U.S. at 60, 96 S.Ct. at 2447. Plaintiff contends that both elements are met here: First, the zoning ordinance requirements limit the site for adult businesses to a portion of a K–Mart parking lot, and secondly, no con-struction of the statute could allow this ordinance to pass constitutional muster.

Plaintiff's complaint contains no such allegation that it is arguing the position not only of itself but of third parties as well. Plaintiff cannot assert that which is not pled in its complaint. Therefore, plaintiff cannot assert the rights of third parties.

Even if Plaintiff had asserted the rights of third parties in its complaint, Plaintiff would not have standing. To assert the rights of third parties, Plaintiff must demonstrate that "the statute's deterrent effect on legitimate expression is 'both real and substantial,'" and the statute is not "readily subject to a narrowing construction by the state courts." *Young v. American Mini Theatres*, 427 U.S. 50, 60, 96 S.Ct. 2440, 2447, 49 L.Ed.2d 310 (1975). Since the ordinance in the case at bar is based upon those approved by the Supreme Court in *Young*, the ordinance does not have a deterrent effect on legitimate expression. Therefore, Plaintiff has no standing to assert the rights of third parties.

Additionally, Plaintiff has no standing to challenge Ordinance 200–03, which restricts adult businesses to B–3 zones. In *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982), the Supreme Court stated that, in order to invoke a court's authority, a party must:

[S]how that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, ... and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision."

(Citations omitted).

In the case at bar, Plaintiff has suffered no injury because it never applied to a B–3 zone. In *S & G News, Inc. v. City of Southgate, supra*, the City had special-use approval procedures for adult businesses. Plaintiff was located in a C–2 zone while adult businesses could only be located in C–3 zones. 638 F.Supp. at 1063–64. The court found that Plaintiff did not have standing to raise an objection to the special approval-use mechanism because plaintiff was not located in a C–3 zone, nor had it ever applied for a special-use approval. *Id.* at 1066.

In the case at bar, Plaintiff challenges the B–3 ordinance while located in a B–2 zone. Clearly, Plaintiff lacks the standing to challenge this part of the zoning ordinance. Plaintiff contends that its injury is that it is now a nonconforming use. However, this does not amount to an injury because Plaintiff continues to operate. The City has never tried to stop Plaintiff from conducting business in the same fashion as it was before the 1987 Amendment to the zoning ordinance.

Where property interest are adversely affected by zoning, the courts generally have emphasized the breadth of municipal power to control land use and have sustained the regulation if it is rationally related to legitimate state concerns and does not deprive the owner of economically viable use of his property ... (W)hen a zoning law infringes upon a protected liberty, it must be narrowly drawn and must further a sufficiently substantial government interest.

*Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 68, 101 S.Ct. 2176, 2182, 68 L.Ed.2d 671 (1981) (citations omitted).

In the case at bar, the City's ordinance is based on the one approved in *American Mini Theatres v. Young*, 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976). These ordinances are "aimed not at the content of the films shown at 'adult motion picture theatres,' but rather at the secondary effects of such theaters on the surrounding community." *Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 47, 106 S.Ct. 925, 929, 89 L.Ed.2d 29 (1986). The ordinance, in the case at bar, furthers several governmental interests. The ordinance gives six reasons why the new ordinance was passed after it was determined necessary for the health, safety and welfare of Rochester Hills. Clearly, the ordinance furthers a legitimate governmental concern, and Plaintiff is able to use his property in an economically viable manner. Plaintiff can still operate as an adult theatre.

Plaintiff also lacks standing to challenge the entire zoning ordinance. Plaintiff has failed to demonstrate that it has suffered any real or threatened injury.

In conclusion, this Court holds that Plaintiff lacks standing to challenge any part of the City's zoning ordinance. The case is dismissed without prejudice.